142

PER CURIAM.

(No. 5746 )

CHARLES LONG, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1971.*
*Petition of Claimant for Rehearing denied November 27, 1972.*

NETTLES AND MAHONEY, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

The claimant, Charles Long, an adult, was injured at the Palisades State Park near Savanna, Illinois, on April 17, 1969, at 4:40 p.m.

Claimant had gone to the park to visit a particular flowing spring as he was in the habit of securing water for his plants and garden and for drinking purposes. The City of Savanna water supply was chlorinated and the claimant preferred to use the spring water for domestic purposes and for the purposes above stated.

This was an established practice of the claimant as he had made at least twenty-five visits to this particular fountain and was familiar with the spring and its setting.

This fountain was in a masonry enclosure and the area around the fountain was paved with large stones.

Claimant testified that this area was wet, mossy and slippery with some leaves and other debris around the fountain area.

There is, according to the photographs in evidence, a metal grill which is directly under the flowing pipe which drains the water away.

On the day in question, the claimant, who was a laborer, was wearing his clothes that he wore to work, also his usual work shoes and, while attempting to get some water, he slipped and fell and injured his right arm, which required some medical care and attention.

It is the contention of the claimant that the Palisades State Park was owned and under direct control of the respondent and that the public was invited to use its facilities and was responsible for its care and maintenance.

Claimant further contends that the Palisades State Park was negligent in not eliminating the moss and leaves around the fountain, which he contends made the area slick.

Claimant also testified that it did not rain the day of the accident nor had it rained the day before though this is in direct contradiction to one of the Ranger's Reports which indicated that it had not only rained the day of the accident but also had rained the day before.

It is also contended that respondent was fully aware of the conditions, the wetness, moss and slipperiness and had actual or constructive notice that these conditions existed at the time of the accident.

Claimant also contends that there was not any contributory negligence on his part but, on the contrary, by wearing work shoes that this did give him better footing than usual.

The issue of this case is simply to determine whether or not the State was negligent in its care and operation of the park and particularly the fountain area and did the injury complained of result from that fact and was the claimant free from contributory negligence.

It is clear that this visit was but one of many made by claimant, not for the purpose of visiting the park in the ordinary manner of a tourist or for recreational purposes, but for the sole purpose of procuring natural spring water for domestic and garden use.

Secondly, the claimant, due to his many visits, was familiar with the fountain area in every detail and was accustomed to seeing leaves, moss and water around this particular area.

It is also clear that it had rained on the day in question, and also the day before, and as to whether the wetness on the rocks near the fountain was occasioned by the rain or by the fountain is not clear. Undoubtedly, the rain would be a contributing factor and as to whether or not this area is wet without the rain, or whether the steel grill directly under the fountain provides ample drainage, is not determinable from the records.

We have, therefore, a situation where an individual, claiming to have exercised due care, came to a State Park and slipped on wet stones on a rainy day in an area where there is a natural spring flowing.

The State is not an insuror against accidents occurring to patrons while using the park. (22 C.C.R. 35, 22 C.C.R. 446.)

The Court also calls attention to the Doctrine of Assumed Risk as set forth in Volume 21, Page 467, C.C.R., which states further that "an individual who visits a State Park assumes the ordinary risk that would be attendant to such visits."

We would also like to call attention to Volume 22, C.C.R., Page 484, where the Court in passing upon an accident on a public street made the following statement "claimant is required to exercise a degree of care

commensurate with the circumstances and will not be heard to say that she did not see what she must have seen if she properly exercised her faculty of sight."

In this case, claimant was fully aware of the conditions existing at the fountain, having been there on many occasions, and would certainly have to have been aware of the conditions when he visited on the day in question when it was raining.

The Court would also like to call attention to a case recorded in Vol. 22, C.C.R., Page 29.

This case involved an accident at the same park. The facts in this case were as follows. A woman visitor at the Palisades State Park slipped and fell on the concrete floor of the Women's Lavatory, located in the park. This particular floor was of smooth concrete, sloping in all directions toward a drain which was countersunk in approximately the center of the floor. The accident happened on June 25, 1950, and the moisture was apparently caused by the condensation of moisture in the air as it was hot and humid on the outside of the building, yet cool and comfortable on the inside of the lavatory building.

The Court, in passing upon this case, restated the proposition that the State is not an insuror of the safety of the patrons of the park and that further the conditions complained of were apparent to the injured party, and that she should have observed such a degree of care for her own safety as would be necessary and that she also assumed whatever risk was involved in going upon the wet floor.

This case is certainly greatly similar to the present case as, in both instances, the injured parties had full knowledge of the conditions and yet, despite this knowledge, proceeded to go upon the premises, resulting in the injuries in question.

It is the finding of this Court, therefore, that the burden of proof is upon the claimant to show freedom from contributory negligence and when he fails to make such burden, his claim will be denied, and it is our opinion in the present case that claimant failed to make such proof and the claim is, therefore, denied.